UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAROLINA PICHARDO,                                        Index No.: 16-cv-02279

*Plaintiff,*

**ANSWER**

-against-

ESKINA 214 CORP. d/b/a CAFÉ TABACO & RON, MAELO
GARCIA, and WILLIAM SEGURA,

*Defendants.*
------------------------------------------------------------------------X

Defendants, Eskina 214 corp. d/b/a Café Tabaco & Ron, Maelo Garcia, and William Segura (hereinafter and collectively "Defendants"), by their attorney, the Law Offices of Martin E. Restituyo P.C., as and for their Answer to the Complaint (hereinafter "Complaint"), of Carolina Pichardo (hereinafter "Plaintiff"), set forth the following:

### AS AND FOR AN ANSWER TO THE COMPLAINT

1. Deny the allegations set forth in Paragraph 1 of the Complaint.

2. As regards Paragraph 2, admit that this action was brought pursuant to the FLSA and NYLL, deny knowledge and information to sufficient to form a belief as to why.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "JURISDICTION"

3. As to Paragraph 3, admit that the Court has subject would have subject matter jurisdiction over the federal claims, and respectfully refer all other questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "VENUE"

4. As to Paragraph 4, admit that Café Tabaco & Ron is located in New York.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "THE PARTIES"

5. Lack knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 5 of the Complaint.

6. As regards Paragraph 6 of the complaint, admit that Plaintiff was employed by Eskina 214 Corp., but deny that these were the correct dates of her employment.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Deny the allegations set forth in Paragraph 8 of the Complaint and respectfully refer all questions of law to the Court.

9. Deny the allegations set forth in Paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. As to Paragraph 11, admit that the Statute of Limitations has run on any FLSA claims against him.

12. Deny the allegations set forth in Paragraph 12 of the Complaint and respectfully refer all questions of law to the Court.

13. Deny the allegations set forth in Paragraph 13 of the Complaint.

14. Deny the allegations set forth in Paragraph 14 of the Complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Complaint and respectfully refer all questions of law to the Court.

19. As regards Paragraph 19 of the complaint, admit that Plaintiff was employed by Eskina 214 Corp., but deny that these were the correct dates of her employment.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint and respectfully refer all questions of law to the Court.

22. Deny the allegations set forth in Paragraph 22 of the Complaint and respectfully refer all questions of law to the Court.

23. Deny the allegations set forth in Paragraph 23.

24. Deny the allegations set forth in Paragraph 24 of the Complaint and respectfully refer all questions of law to the Court.

25. Deny the allegations set forth in Paragraph 25.

26. Deny the allegations set forth in Paragraph 26.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "FIRST CLAIM"

27. In response to the allegations in Paragraph 27, Defendants repeat and reallege all above responses as though fully set forth herein.

28. Admit the allegations in Paragraph 28.

29. Deny the allegations set forth in Paragraph 29 of the Complaint and respectfully refer all questions of law to the Court.

30. Deny the allegations set forth in Paragraph 30 of the Complaint and respectfully refer all questions of law to the Court.

31. Deny the allegations set forth in Paragraph 31.

32. Deny the allegations set forth in Paragraph 32 and respectfully refer all questions of law to the Court.

33. Deny the allegations set forth in Paragraph 33 of the Complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "SECOND CLAIM"**

34. In response to the allegations in Paragraph 34: Defendants repeat and reallege all above responses as though fully set forth herein.

35. Admit the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint and respectfully refer all questions of law to the Court.

37. Deny the allegations set forth in Paragraph 37 of the Complaint and respectfully refer all questions of law to the Court.

38. Deny the allegations set forth in Paragraph 38 of the Complaint and respectfully refer all questions of law to the Court.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "THIRD CLAIM"**

41. In response to the allegations in Paragraph 41: Defendants repeat and reallege all above responses as though fully set forth herein.

42. Deny the allegations set forth in Paragraph 42 of the Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Complaint.

44. Deny the allegations set forth in Paragraph 44 of the Complaint.

45. Deny the allegations set forth in Paragraph 45 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "FOURTH CLAIM"**

46. In response to the allegations in Paragraph 46: Defendants repeat and reallege all above responses as though fully set forth herein.

47.     Deny the allegations set forth in Paragraph 47 of the Complaint and respectfully refer all questions of law to the Court.

48.     Deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Deny the allegations set forth in Paragraph 50 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "FIFTH CLAIM"**

51.     In response to the allegations in Paragraph 51: Defendants repeat and reallege all above responses as though fully set forth herein.

52.     Deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Deny the allegations set forth in Paragraph 53 of the Complaint.

54.     Deny the allegations set forth in Paragraph 54 of the Complaint.

55.     Deny the allegations set forth in Paragraph 55 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "SIXTH CLAIM"**

56.     In response to the allegations in Paragraph 56: Defendants repeat and reallege all above responses as though fully set forth herein.

57.     As regards Paragraph 57 of the Complaint, respectfully refer all questions of law to the Court

58.     As regards Paragraph 58 of the Complaint, respectfully refer all questions of law to the Court.

59.     Deny the allegations set forth in Paragraph 59 of the Complaint.

60.     Deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Deny the allegations set forth in Paragraph 62 of the Complaint.

63. Deny the allegations set forth in Paragraph 63 of the Complaint.

64. Deny the allegations contained in the Paragraph on page 9 of the Complaint beginning with the word "WHEREFORE," and its subparts (a) through (j), and submit that Plaintiff is not entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

65. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66. To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C §255 (a), or any similar state labor law, such claims of Plaintiff are barred.

### THIRD AFFIRMATIVE DEFENSE

67. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

### FOURTH AFFIRMATIVE DEFENSE

68. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a

violation of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.

## FIFTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

## SIXTH AFFIRMATIVE DEFENSE

70. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.

## SEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff is not an "employee" of Defendants as defined by the FLSA and/or NYLL.

## EIGTH AFFIRMATIVE DEFENSE

72. Defendants are not an "employer" of Plaintiff as defined by the FLSA and/or NYLL.

## NINTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.

## TENTH AFFIRMATIVE DEFENSE

74. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, collateral estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

75. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

## TWELFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiff was engaged in activities which were preliminary to her principal activities or incidental to them.

## THIRTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## FOURTEENTH AFFIRMATIVE DEFENSE

78. Plaintiff's NYLL claims cannot lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order.

## FIFTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

80. This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiff's state law claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

82. Assuming arguendo, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan.

### NINTEENTH AFFIRMATIVE DEFENSE

83. Assuming arguendo, Plaintiff is entitled to recover additional compensation for herself personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff is appropriately limited thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

84. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

85. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

86. Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or all of the stated claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

87. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or

threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

88. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiff are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

89. To the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report her hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to her hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiff. *See. Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5thCir. 1972).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

90. To the extent Plaintiff's NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiff is barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

91. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay

overtime under the FLSA.

### TWENTY-EIGTH AFFIRMATIVE DEFENSE

92. The individual Defendants named in this action were not Plaintiff's employer within the meaning of the FLSA or NYLL.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

93. Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all its employees at or above the applicable minimum wage.

### THIRTIETH AFFIRMATIVE DEFENSE

94. Plaintiff was not entitled to any notice from Defendants pursuant to New York Labor Law §195 because Plaintiff commenced and concluded her employment with Defendants, prior to the enactment of any such requirements, and even if Plaintiff was not provided notice required by that section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the New York Labor Law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

95. Plaintiff's claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

96. To the extent applicable, Plaintiff has failed to exhaust any and all administrative or contractual remedies and/or conditions precedent which she was required to avail herself of.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

97. To the extent Plaintiff has received other benefits and/or awards attributable to an

11

injury for which she seeks compensation in this case, as applicable such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

98.     The Complaint fails to allege facts sufficient to allow recovery of punitive damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

99.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

100.    Plaintiff's claims are barred in whole or in part, or Plaintiff's recovery should be limited, by the doctrine of after acquired evidence.

### STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES

101.    Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE,** Defendants respectfully requests judgement:

a) Dismissing the Complaint against them;

b) Granting judgment in favor of Defendants in an amount to be determined at trial;

c) Granting Costs, disbursements, and attorney's fees of this action and any other expenses incurred by the Defendants in the prosecution thereof; and

d) for such other relief as this court may deem just and proper.

Dated: New York, New York
　　　　May 23, 2016

Respectfully submitted,

_____
By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
(212) 729-7900
restituyo@restituyolaw.com

*Attorneys for Defendants Eskina 214 Corp. d/b/a Café Tabaco & Ron, Maelo Garcia, and William Segura*

To: Louis Pechman, Esq.
　　488 Madison Avenue, 11th Floor
　　New York, New York 10022